# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2021

Lyle W. Cayce
Clerk

No. 20-50105
Summary Calendar

Aaron Michael Rogers,

*Plaintiff—Appellant*,

*versus*

Rusty Hierholzer, *Kerr County Sheriff*; Sylvia Foraker, *Kerr County Jail Administrator*; Dr. FNU Smith, *Kerr County Jail Doctor*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CV-1171

Before Clement, Ho, and Oldham, *Circuit Judges*.

Per Curiam:*

Aaron Michael Rogers, Texas prisoner # 40704, appeals the grant of summary judgment in favor of defendants and dismissal of his 42 U.S.C. § 1983 lawsuit against Sheriff Rusty Hierholzer, Kerry County Jail

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50105

Administrator Sylvia Foraker, and Glen Smith, M.D. In the complaint, Rogers alleged that the defendants treated him with deliberate indifference in denying proper medical treatment for his serious medical need, the sequela of his gunshot wound to the face, and the delay in providing him treatment for his condition by an oral or maxillofacial surgeon.

Now, he challenges the summary judgment in defendants' favor. Specifically, Rogers argues that Dr. Smith knew of his serious medical need but failed to physically examine or treat Rogers for his condition. With regards to Hierholzer and Foraker, Rogers contends that they could observe or knew of his condition, but refused to allow him to be seen or delayed his treatment by a maxillofacial surgeon, failed to ensure implementation of the surgeon's recommendations, and failed to require Dr. Smith to appear, examine, and treat Rogers.

As a preliminary matter, Rogers also raises, for the first time on appeal, claims that (1) the defendants were deliberately indifferent to his serious medical need by failing to ensure that his mental illness did not impact his recovery from the gunshot wound, and (2) that Hierholzer, Foraker, and KCDC enacted a policy which was the ultimate cause of his delayed medical care and pain and suffering. This court will not address an issue raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999); *McKenzie v. City of Columbia*, 1995 WL 534889, at *6 (5th Cir. Aug. 15, 1995).

We review a district court's order granting summary judgment de novo. *LeMarie v. Louisiana Dep't of Transp. and Dev.*, 480 F.3d 383, 386 (5th Cir. 2007). "A qualified immunity defense alters the usual summary judgment burden of proof." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). In such a case, the plaintiff is required to "adduce summary judgment evidence indicating that the [defendant's] actions violated clearly established

No. 20-50105

constitutional rights of which a reasonable person would have known." *Ratliff v. Aransas County, Texas*, 948 F.3d 281, 287 (5th Cir. 2020) (internal quotation marks, brackets, ellipses, and citation omitted).

At the time of Rogers's tenure at KCDC, it was clearly established that both pretrial detainees and prisoners had a constitutional right to adequate healthcare, and the deliberate indifference standard applies to pretrial detainees and convicted prisoners alike. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). A prison official acts with deliberate indifference if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In the context of claims based on denial of adequate medical care, demonstrating deliberate indifference requires evidence that prison officials "refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted).

With regards to Rogers's claims against Dr. Smith, the record establishes that all inmates housed at KCDC are tended to by nurse practitioners or licensed vocational nurses. The nurses contacted Dr. Smith on at least three separate occasions regarding Rogers, but never requested that he appear and physically examine Rogers. Dr. Smith provided recommendations to the nurses regarding the proper treatment of Rogers. Rogers's claims that Dr. Smith was aware of his condition but did not appear to physically examine him or treat him does not support a conclusion that Dr. Smith treated him with deliberate indifference. *See Baughman v. Hickman*, 935 F.3d 302, 309-310 (5th Cir. 2019). Moreover, the summary judgment

3

evidence fails to support a conclusion that Dr. Smith ever refused to treat Rogers, ignored his complaints, or otherwise acted with deliberate indifference to his serious medical needs. *See Gobert*, 463 F.3d at 346. Accordingly, the district court did not err in concluding that Dr. Smith was entitled to summary judgment.

Regarding Rogers's claims against Hierholzer and Foraker, the record contains no evidence that they knew that Rogers was in any serious risk of harm or that they were aware of the facts from which the inference could be drawn that a substantial risk of harm existed and that they actually drew such an inference. *See Petzold v. Rostollan*, 946 F.3d 242, 249 (5th Cir. 2019); *Gobert*, 463 F.3d at 346. Even if Hierholzer and Foraker could be charged with knowing or drawing the inference that Rogers suffered a substantial risk of harm, there is no evidence that Hierholzer or Foraker refused to treat Rogers, ignored his complaints, intentionally treated him incorrectly, or otherwise engaged in conduct clearly evincing a wanton disregard for his serious medical needs. *See Gobert*, 463 F.3d at 346.

As sheriff of Kerr County, Hierholzer contracted with Correct Care Solutions to provide medical care to the inmates at KCDC. Both he and Foraker deferred to CCS's medical staff regarding any and all medical treatment that inmates received. The summary judgment evidence does not show that Hierholzer and Foraker were deliberately indifferent. *See Baughman*, 935 F.3d at 310. Accordingly, the district court did not err in concluding that Hierholzer and Foraker were entitled to summary judgment.

The judgment is AFFIRMED.